IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**T.V., an infant, who sues**
**through MELANIE R. VANN, her mother**
**and next friend,**

      **Plaintiff,**

v.                                                                                                  Civil Action No. 2:05cv132

**WILLIAM R. JONES, MARY D. JONES**
**and GIFFORD REALTY, INC. f/k/a**
**Coldwell Banker Gifford Realty, Inc.,**

      **Defendants.**

## OPINION AND ORDER

Pending before the court is the plaintiff's Motion to Remand this civil action to the Circuit Court of the City of Norfolk, which motion was filed on March 30, 2005. The defendants filed a Memorandum in Opposition to plaintiff's Motion to Remand on April 12, 2005. The plaintiff submitted a reply to the defendants' Memorandum on April 15, 2005. The court has considered the briefs submitted by the parties, and for the reasons articulated below, the court **GRANTS** the plaintiff's Motion to Remand, and **ORDERS** this case remanded to the Circuit Court of the City of Norfolk.

I. Procedural and Factual History

The plaintiff, T.V., filed a Motion for Judgment through her mother, Melanie R. Vann, in the Circuit Court of the City of Norfolk. The plaintiff alleged that she suffered injuries caused by lead-based paint while living at 3302 Lyons Avenue in Norfolk, Virginia, in an apartment owned by defendants Mary and William Jones ("Jones") and managed by defendant Gifford Realty. The

plaintiff's Motion for Judgment includes claims for a failure to abate, and/or negligent abatement in violation of Norfolk city code section 27-36(a), a violation of building and housing codes, a violation of §55-248.13(a)(1)-(2) of the Virginia Residential Landlord and Tenant Act, and common law negligence. T.V. seeks compensatory and punitive damages from the defendants. The Joneses were served with the notice of Motion for Judgment at their address, 2213 Windward Drive, Virginia Beach, Virginia, on February 11, 2005. Gifford Realty was served through its registered agent on February 8, 2005.

The defendants filed a Notice of Removal in this court on March 3, 2005. As grounds for removal, the defendants claimed diversity of citizenship, averring that the Joneses are citizens of Florida, while the plaintiff is a citizen of Virginia. Additionally, the defendants asserted that the plaintiff fraudulently joined Gifford Realty, a business domiciled in Virginia, to defeat diversity and to provide for sole jurisdiction in Norfolk Circuit Court. The plaintiff contends in her Motion to Remand that there exists a cause of action against Gifford Realty, and that removal to federal court was improper.

## II. Discussion

The defendants base their Notice of Removal upon the subject matter jurisdiction created by the parties' alleged diversity of citizenship, pursuant to 28 U.S.C. §§ 1332, 1441. In addition to removal based on a claim containing a federal question, 28 U.S.C. § 1441 provides for removal "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The plaintiff in this matter brought her case in Virginia, and defendant Gifford Realty is a Virginia citizen. Defs.' Br. in Opp'n., 2. The plaintiff argues that removal is not proper because Gifford Realty is a citizen of the same state in which the complaint

2

was brought. A defendant may not remove an action which is brought against him in the courts of the state in which he is a citizen. 28 U.S.C. § 1441(b). As will be shown, Gifford Realty is a potentially proper defendant in this civil action brought in Virginia. Accordingly, removal to federal court by the defendants was improper.

The party seeking removal bears the burden of establishing federal jurisdiction. Reid v. Boyle, 2 F.Supp. 2d 803, 806 (E.D.Va. 1998). The Court of Appeals for the Fourth Circuit places a heavy burden on the party seeking removal in the interest of mitigating significant federalism concerns; removal is strictly construed. Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). If jurisdiction in the federal court is in doubt, a remand is the proper course. Id.

Despite the heavy burden upon the party seeking removal, there is a narrow exception providing for jurisdiction in the federal district court under the fraudulent joinder doctrine. This doctrine "permits a district court to disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants and thereby retain jurisdiction." Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). Faced first with the heavy burden for removal, the defendant again encounters a significant burden to show fraudulent joinder. He must demonstrate that the plaintiff cannot establish a claim against the non-diverse defendant even after resolving all issues of fact and law in the plaintiff's favor. Marshall v. Manville Sales Corp., 6 F.3d 229, 232-33 (4th Cir. 1993). Fraudulent joinder requires the showing that either: "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Id. The party seeking to show fraudulent joinder may not stop at

3

demonstrating that the plaintiff presents an ill-founded case against all defendants.  Chesapeake & O. R. Co. v. Cockrell, 232 U.S. 146, 153, 58 L. Ed. 544, 34 S. Ct. 278 (1914).  He must demonstrate that in state court, the plaintiff has no possible case against the non-diverse defendant.  Marshall, 6 F.3d. at 232.  The Court of Appeals for the Fourth Circuit has held that the fraudulent joinder standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Hartley v. CSX Transp. Inc., 187 F.3d 422, 424 (4th Cir. 1999).  The defendants in this case allege no outright fraud in the plaintiff's pleading.  They do assert that the plaintiff joined Gifford Realty solely to defeat diversity, and that no possible cause of action lies against Gifford Realty.  The defendants have failed to demonstrate that no possible claim exists against Gifford Realty.

The defendants aver that Gifford Realty was a managing agent for the Joneses.  They further contend that the liability assigned a landlord could not be imputed to Gifford Realty as an agent, unless Gifford Realty failed to disclose the Joneses as the principals.  By not disclosing the principals' identity to the plaintiff, Gifford Realty would assume landlord duties and landlord liabilities.  Defs.' Br. in Opp'n., 4.  Indeed, Virginia law provides that an agent acting for an undisclosed principal, who contracts with a third party, becomes personally liable on the contract. Harriss, Magill & Co. v. John H. Rodgers & Co., 143 Va. 815, 828, 119 S.E. 513 (Va. 1925). Thomas Gifford attests that the identity of the Joneses was disclosed to Melanie Vann, the plaintiff's mother and a tenant at 3302 Lyons Avenue, Norfolk, Virginia. Gifford Aff., 2.  Melanie Vann states that Gifford Realty never mentioned the Joneses as owners of the property.   M.Vann Aff., 1. Because the affidavits of Thomas Gifford and Melanie Vann are clearly contradictory on the issue of disclosure of the Joneses' identity by Gifford Realty, there is a question of fact as to disclosure.

There exists, therefore, a possibility that the plaintiff may establish liability pursuant to state law on the part of Gifford Realty in this matter. As it is foreseeable that the plaintiff may establish liability based on non-disclosure, the court will not address the plaintiff's other claims here. Because a cause of action may lie against Gifford Realty in state court, the defendants have failed to carry the burden required to demonstrate fraudulent joinder. As Gifford Realty is a potentially proper defendant and a citizen of Virginia, removal to federal court was not proper.

The defendants attempt to further provide for diversity jurisdiction by asserting that the Joneses were citizens of Florida at the time the complaint was filed. The plaintiff does not dispute that diversity exists; she establishes that she is a citizen of the state of Ohio in her brief in support of the Motion to Remand. Pl.'s Br., 7. As diversity of citizenship is not in dispute, the question of the Joneses' citizenship for removal purposes becomes **MOOT**.

### III. Conclusion

For the aforementioned reasons, the plaintiff's Motion to Remand is **GRANTED**, and this case is **ORDERED** remanded to the Circuit Court of the City of Norfolk, Virginia.

The Clerk is **REQUESTED** to mail copies of this Opinion and Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 6th, 2005